# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| YOSVANI GUTIERREZ BATISTA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01500-JD |
| | ) | |
| WARDEN DIAMONDBACK | ) | |
| CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

The Court has examined Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1] and orders as follows:

1. Not later than July 13, 2026, Respondents shall file an answer or other response consistent with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Alternatively, Respondents may file a pre-answer motion.

2. If Respondents file an answer or other response, Petitioner may file a reply within 7 days from the filing date.

3. If Respondents file a pre-answer motion and Petitioner opposes that motion, Petitioner shall file a response within 10 days from the filing date. *See* LCvR7.1(g).

4. The Clerk of Court is directed to send the Petition and this Order to the United States Attorney for the Western District of Oklahoma on Respondents' behalf at the following address: 210 W. Park Ave., Suite 400, Oklahoma City, Oklahoma 73102.

---

[1] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (confirming that a district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition" and citing Rule 1(b)).

5.      The Clerk of Court is directed not to issue summons. *See* Rule 4 of the Rules Governing Section 2254 Cases (requiring a district court to "promptly examine" a petition and "[i]f the petition is not dismissed," then "order the respondent to file an answer, motion, or other response within a fixed time").

6.      The Court notifies the parties that if Respondents file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and rely on affidavits and/or documents not attached to or incorporated by reference in the Petition, the Court will likely convert the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d), 56; *see also Alloway v. Jordan*, 69 F. App'x 431, 433 (10th Cir. 2003) (unpublished) (discussing conversion of a motion to dismiss in a habeas proceeding). Should this occur, Petitioner is notified of Petitioner's responsibility to respond to the motion and present to the Court all relevant evidence or materials.

IT IS SO ORDERED this 29th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

2